

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

OLGA ANDERSON,                                    :
KIM BREEDEN, and                                  :
BRENDA WALKER *on behalf of themselves*           :
*and all other similarly situated individuals,*   :
                                                  :
       Plaintiffs,                            :     CIVIL ACTION NO.
                                                  :
v.                                                :     3:16cv558
                                                  :
TRANS UNION, LLC                                  :
                                                  :
SERVE:    Corporation Service Company            :
           Bank of America Center, 16th Floor     :
           1111 East Main Street                  :
           Richmond VA, 23219                     :
                                                  :
       Defendant.                             :

## CLASS ACTION COMPLAINT

The Plaintiffs, Olga Anderson, Kim Breeden, and Brenda Walker (hereafter "Plaintiffs"), by counsel, on behalf of themselves and all similarly situated individuals, allege as follows:

### PRELIMINARY STATEMENT

1.    This is a consumer class action brought for willful violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), against Defendant Trans Union, LLC ("Trans Union"). Plaintiffs allege a class claim under 15 U.S.C. § 1681e(b). Trans Union diligently collects the initial disposition of public records, including civil judgments and tax liens. However, when a later event occurs with respect to those records, such as when a civil judgment is satisfied, vacated, appealed, or otherwise dismissed, or when a tax lien is withdrawn or released, Trans Union does not collect the subsequent disposition.

2.    Plaintiffs and each putative class member were the subject of a consumer report

sold to a third party which inaccurately reflected that the underlying civil judgment or tax lien against them was still due and owing when it was not.

## JURISDICTION

3.       This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

4.       Venue is proper in this Court under 28 U.S.C. § 1391(b) as Trans Union regularly conducts business in this district and division.

## PARTIES

5.       Each Plaintiff is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

6.       Defendant Trans Union, LLC ("Trans Union") is a foreign limited liability company doing business in Virginia. At all times relevant to this complaint, it was a "consumer reporting agency" as defined by the FCRA at 15.U.S.C. § 1681a(f).

## FACTS

### *Facts pertaining to all Plaintiffs*

7.       Trans Union produced reports about Plaintiffs and each putative class member which contained inaccurate public record information.

8.       Virginia's court records relating to both civil judgments and tax liens are maintained in a uniform and centralized manner.

9.       Unlike credit accounts, Trans Union affirmatively seeks out and purchases public record data, including civil judgments and tax liens, to report to the world about consumers when it sells their credit files. It proactively gathers and disseminates this derogatory information even though there is nothing in the FCRA that affirmatively requires it to do so. The reporting of

2

unpaid civil judgments and tax liens primarily benefits Trans Union's customer base, which relies on the reporting of these public records as a collection tool.

10.     Trans Union has used a series of different vendors over the years. Originally, these vendors relied on in-person manual reviews of courthouse records to collect civil judgment and tax lien information. Typically, clerk's offices would make available copies of termination records—satisfactions, dismissals, vacatures, appeals, tax lien releases, and tax lien withdrawals. Weekly update reports were made available. Docket books were examined. A careful, in-person review was conducted.

11.     However, sometime after 2006, Trans Union and its vendors stopped this more careful process and began collecting civil judgment and tax lien information solely from automated resources.

12.     After the switch to this automated process, Trans Union and its vendor rarely collected any judgment disposition or tax lien release/withdrawal information. And the only "in-person" review to verify the automated data was attempted only after a consumer made a formal dispute, and even then, only rarely. In short, Trans Union was publishing civil judgment and tax lien data that it knew would be inaccurate if a satisfaction, dismissal, vacatur, appeal, release, or withdrawal had occurred—relying on consumers to clean up their own files via the dispute process after learning of the inaccuracy, rather than paying to have these "dispositions" collected with the same vigor that it collected records of the initial entry of judgment or lien.

13.     Upon information and belief, the methods and processes that Trans Union and its vendor used to gather Virginia General District Court satisfactions, vacaturs, appeals, and other dismissals and lien releases and withdrawals was materially the same throughout the class

3

period.

14.     At all times pertinent to this Complaint, Trans Union's conduct regarding the collection of judgment disposition and tax lien release/withdrawal information was willful and carried out in reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, Trans Union's conduct was willful because it was intentionally accomplished through intended procedures and as Trans Union's diligence in collecting and reporting derogatory information is believed by it to be of greater economic value to its paying customers than "disposition" information that demonstrated that the debt was no longer owed to those customers.

15.     In fact, Trans Union was previously sued in this Court for the exact conduct alleged in this case. *Soutter v. Trans Union, LLC*, Civil Action No. 3:10-cv-514-HEH (E.D. Va.).

16.     Despite this prior lawsuit, Trans Union has not sufficiently modified its procedures to comply with the FCRA's requirement that it ensure that the credit reports it prepares about consumers are as accurate as possible. 15 U.S.C. § 1681e(b). Therefore, its violations of they relate to the Plaintiffs and the putative class members was willful.

17.     At all times pertinent to this Complaint, Trans Union was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under Trans Union's direct supervision and control.

### *Facts pertaining to Plaintiff Olga Anderson*

18.     On or around January 6, 2012, Capital One Bank, N.A. obtained a judgment against Plaintiff Anderson in Richmond City General District Court.

19.     Plaintiff satisfied this judgment and a Notice of Satisfaction was filed with the

4

Richmond General District Court on July 8, 2015.

20.    On or around September 30, 2015, Plaintiff Anderson requested a copy of her consumer disclosure from Trans Union.

21.    Trans Union responded to Plaintiff Anderson's request and provided her with a consumer disclosure dated September 30, 2015.

22.    This and other consumer reports that Trans Union provided to Plaintiff and her potential creditors after the date of the filing of the Notice of Satisfaction falsely stated that the judgment was still outstanding and unpaid.

### Facts pertaining to Plaintiff Kim Breeden

23.    On or around December 10, 2008, Capital One Bank, N.A. obtained a judgment against Plaintiff Breeden in Richmond City General District Court.

24.    Plaintiff Breeden satisfied this judgment and a Notice of Satisfaction was filed with the Richmond General District Court on July 29, 2015.

25.    On or around September 29, 2015, Plaintiff Breeden requested a copy of her consumer disclosure from Trans Union.

26.    Trans Union responded to Plaintiff Breeden's request and provided her with a consumer disclosure dated September 29, 2015.

27.    This and other consumer reports that Trans Union provided to Plaintiff and her potential creditors after the date of the filing of the Notice of Satisfaction falsely stated that the judgment was still outstanding and unpaid.

### Facts pertaining to Plaintiff Brenda Walker

28.    On or around January 7, 2013, the Internal Revenue Service filed a federal tax

lien against Plaintiff Walker in Hanover County Circuit Court.

29.     Plaintiff Walker thereafter satisfied this lien and the IRS filed a Certificate of
Release of Federal Tax Lien in Hanover County Circuit Court on February 17, 2016.

30.     On or around June 27, 2016, Plaintiff Walker requested a copy of her consumer
disclosure from Trans Union.

31.     Trans Union responded to Plaintiff Walker's request and provided her with a
consumer disclosure dated June 27, 2016. Additionally, Trans Union sold Plaintiff Walker's
consumer report containing the inaccurate judgment information to various entities.

32.     This and other consumer reports that Trans Union provided to Plaintiff and her
potential creditors after the date of the filing of the Release of Federal Tax Lien falsely stated
that the lien was still outstanding and unpaid.

## COUNT ONE:
### Violation of 15 U.S.C. § 1681e(b)

33.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth
at length herein.

34.     Plaintiffs bring this action individually and as a class action, pursuant to Rule 23
of the Federal Rules of Civil Procedure, on behalf of the following Class :

All natural persons who meet the following definitional requirements:

SUBCLASS 1: (a) the computer database of the Executive Secretary of
the Supreme Court of Virginia shows that the person was the defendant in a
Virginia General District Court civil action or judgment, (b) as of a date which
falls 20 days following the Court's certification of this class, the computer
database of the Executive Secretary of the Supreme Court of Virginia shows that
the civil action or judgment was dismissed, satisfied, appealed, or vacated on or
after December 20, 2013 ("the disposition date"), (c) Trans Union's records note
that a consumer report regarding the person was furnished 15 days or more
following the entry of the judgment disposition and within the two year period

6

preceding the filing date of this case, and (d) wherein such consumer report did not reflect the disposition status of the judgment.

SUBCLASS 2: (a) the Virginia Circuit Court land records show that the person was the subject of a federal or state tax lien filing, (b) the land records also show that a release or withdrawal of the tax lien was subsequently filed, (c) Trans Union's records note that a consumer report regarding the person was furnished 15 days or more following the date of the lien release or withdrawal filing and within the two year period preceding the filing date of this case, and (d) wherein such consumer report did not reflect that the tax lien had been released or withdrawn.

35.     Numerosity. Fed. R. Civ. P. 23(a)(1). Upon information and belief, the Plaintiffs allege that the Class is so numerous that joinder of the claims of all class members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant and through publically available court records, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

36.     Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include by example only and without limitation:

a.      Whether Trans Union adopted procedures that collected and reported updates to public record civil judgments and tax liens that were less systematic and effective than those it used to collect and report the underlying public records;

b.      Whether Trans Union's uniform procedure for collecting civil judgment and tax lien dispositions (including those of its agent) was a reasonable procedure to ensure maximum possible accuracy in the credit reports it furnished;

c.      Whether Trans Union did so recklessly, knowingly, or intentionally in conscious disregard of the rights of the consumer class members; and

d.      Whether Trans Union's conduct constituted violations of the FCRA.

37.     Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of the claims of

each Class member. Plaintiffs are entitled to relief under the same cause of action as the other members of the class. The procedures for both credit reporting and collecting the public record dispositions were the same. The willfulness evidence is the same. And the time period within which all actions relevant to this class claim took place is the same.

38.     Adequacy. Fed. R. Civ. P. 23(a)(4). Plaintiffs are adequate representatives of the Class because their interests coincide with and are not antagonistic to the interests of the members of the class they seek to represent; they have retained counsel competent and experienced in such litigation; and they have prosecuted this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of members of the Class.

39.     Superiority. Fed. R. Civ. P. 23(b)(3). As alleged above, questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Further, individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct and the limited availability of legal representation for such prosecutions. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Court. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a

8

case.

40.     Defendant violated 15 U.S.C. § 1681e(b) as to the Plaintiffs and to the Class by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the Plaintiffs and other class members.

41.     By example only and without imitations, the rights at issue were determined by Congress to be important measures of Trans Union's process to ensure continued accuracy and completeness in its files and reports.

42.     In each instance for each §1681e(b) class member, their actual credit reports were materially inaccurate and reported a major derogatory public record that Trans Union was legally obligated to correct and omit.

43.     Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n.

44.     The Plaintiffs and each class member suffered an actual injury and loss because of Defendant's violation of 15 U.S.C. § 1681e(b) as alleged herein.

45.     The Plaintiffs and each Class member are entitled to recover statutory damages up to $1,000, punitive damages, costs, and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiffs, on behalf of themselves and the putative class members, move for class certification and for statutory and punitive damages, as well as their attorney's fees and costs against the Defendant, for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**PLAINTIFFS,** *on behalf of themselves and all others similarly situated individuals*

By: _____
                      Counsel

Matthew J. Erausquin, VSB No. 65434
Casey S. Nash, VSB No. 84261
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    (703) 273-7770
Fax:    (888) 892-3512
matt@clalegal.com
casey@clalegal.com

Leonard A. Bennett, VSB No. 37523
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 257-3450
lenbennett@clalegal.com

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-9285 - Facsimile
E-mail:  kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

*Counsel for the Plaintiffs*